FILED
2009 Oct-28 PM 02:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN M. MCCLELLAN, individually and on behalf of all others similarly situated<br><br>  Plaintiff,<br>v.<br><br>REGIONS FINANCIAL CORPORATION, C. DOWD RITTER, JACKSON W. MOORE, IRENE ESTEVES, ALTON E. YOTHER, D. BRYAN JORDAN, RONALD C. JACKSON, RICHARD D. HORSLEY, ALLEN B. MORGAN, JR., SAMUEL BARTHOLOMEW, JR., GEORGE W. BRYAN, MARGARET H. GREENE, SUSAN W. MATLOCK, JORGE M. PEREZ, DR. MALCOLM PORTERA, JOHN R. ROBERTS, MICHAEL S. STARNES, LEE J. STYSLINGER III., ROBERT R. WALLER, SPENCE L. WILSON, HARRY W. WITT, MERRILL LYNCH, PIERCE FENNER &SMITH, INC. and ERNST & YOUNG, LLP<br><br>  Defendants. | CIVIL ACTION NO.<br>CV-09-U-1976-S |

## REGIONS FINANCIAL CORPORATION'S MOTION TO DISMISS

COMES NOW Defendant Regions Financial Corporation (hereinafter, "Regions") and moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(6) and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 & 5, to dismiss the Plaintiff's Complaint for failure to state a claim upon which relief can be granted and as time-barred. Regions would show unto the Court the following:

  A. Statute of Repose and Statute of Limitations

  1. The Complaint alleges only one purported cause of action against Regions: a claim under Section 14(a) of the Securities Exchange Act of 1934 ("the Exchange Act") and Rule 14a-

9 promulgated thereunder. 15 U.S.C.A. §78n(a) and 17 C.F.R. §14a-9. The section 14 claim alleges that in support of its 2006 merger with AmSouth Bancorporation, Regions filed and disseminated a proxy statement (the "Proxy Statement") that contained "materially false and misleading statements." Compl., ¶¶ 113-122.

2. The Complaint identifies the Proxy Statement as "the August 2006 Proxy Statement." *See, e.g.,* Compl., ¶ 30. The Proxy Statement was, in fact, filed with the Securities and Exchange Commission and published to shareholders on August 17, 2006. *See* Exhibit A attached hereto.

3. Claims of the type alleged by Plaintiff are subject to a one-year statute of limitations and three-year statute of repose. See *Lampf, Plevan, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 364 (1991) ("Litigation instituted pursuant to §10(b) and Rule 10b-5 therefore must be commenced within one year after the discovery of the facts constituting the violation and within three years of such violation"); *Westinghouse Elec. Corp. v. Franklin*, 993 F.2d 349, 353 (3d Cir. 1993) (holding that *Lampf* rationale applies with equal force to §14(a) claims; imposing "one-and-three year" limitations and repose periods on such claims).

4. This lawsuit was filed on October 2, 2009, more than three years after August 17, 2006--when Regions filed the Proxy Statement with the SEC and disseminated it to shareholders. The claim in the complaint is, therefore, barred by the Exchange Act's three-year statute of repose. *See In re: Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189 (3d Cir. 2007).

5. Plaintiff's claims are also barred by the one-year statute of limitations because the Plaintiff knew or should have known of his purported claim more than one year before filing the Complaint. The Complaint does not allege that the Plaintiff by a reasonable investigation could not have discovered his purported claim more than one year before filing suit, and the Complaint

2

alleges no facts that would either estop Regions from relying upon the one-year limitations period or toll the limitations period.

    B. <u>Failure to File Required Certification.</u>

    6. Each plaintiff seeking to serve as a representative party on behalf of a class is required by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(2), to file with the Complaint a sworn certification affirming compliance with six requirements set out in the statute. *See* 15 U.S.C. § 78u-4(a)(2)(A) (i)-(vi). Plaintiff has failed to file the required certification, and the complaint therefore must be dismissed on this ground as well.

    C. <u>Other Pleading Failures</u>

    7. The Complaint fails adequately to allege any specific misstatement of fact or omission that was materially misleading when made, as required to state a claim under the Securities Exchange Act of 1934.

    8. The Complaint fails to allege that Regions made any statement or omitted any fact with the requisite level of culpability.

    9. The Complaint fails to plead sufficient facts demonstrating that the supposed misstatements and omissions caused the Plaintiff any cognizable losses.

    A Memorandum of Law in support of this Motion has been filed contemporaneously herewith. The Proxy Statement as filed with the Securities and Exchange Commission is attached hereto as Exhibit A.

    /s/ Larry B. Childs
    **LARRY B. CHILDS**
    Attorney for Defendant, Regions Financial Corporation

OF COUNSEL:

WALLER, LANSDEN, DORTCH & DAVIS, LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, AL 35203
Telephone: (205) 226-5701
Facsimile: (205) 214-8787

David B. Tulchin, Esq.
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that service of the foregoing Regions Financial Corporation's Motion to Dismiss was made upon the following counsel of record through the Court's electronic filing system this the 28th day of October, 2009.

Joe R. Whatley, Jr., Esq.
Deborah Clark Weintraub, Esq.
WHATLEY, DRAKE & KALLAS, LLC
2001 Park Place N, Suite 1000
Birmingham, AL 35203

/s/ Larry B. Childs
OF COUNSEL