IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN M. MCCLELLAN, individually and on behalf of all others similarly situated )<br><br>Plaintiff, )<br><br>v. )<br><br><br>REGIONS FINANCIAL CORPORATION, )<br>C. DOWD RITTER, JACKSON W. MOORE, )<br>IRENE ESTEVES, ALTON E. YOTHER, )<br>D. BRYAN JORDAN, RONALD C. JACKSON, )<br>RICHARD D. HORSLEY, ALLEN B. MORGAN, )<br>JR., SAMUEL BARTHOLOMEW, JR., GEORGE )<br>W. BRYAN, MARGARET H. GREENE, SUSAN )<br>W. MATLOCK, JORGE M. PEREZ, DR. )<br>MALCOLM PORTERA, JOHN R. ROBERTS, )<br>MICHAEL S. STARNES, LEE J. STYSLINGER III., )<br>ROBERT R. WALLER, SPENCE L. WILSON, )<br>HARRY W. WITT, MERRILL LYNCH, PIERCE )<br>FENNER & SMITH, INC. and ERNST & YOUNG, LLP )<br><br>Defendants. ) | CIVIL ACTION NO.<br>CV-09-U-1976-S |

<u>REGIONS FINANCIAL CORPORATION'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS</u>

**Larry Childs, Esq.**
WALLER, LANSDEN, DORTCH & DAVIS, LLP
1901 Sixth Avenue North, Suite 1400
Birmingham, AL 35203
Telephone: (205) 226-5701

**David B. Tulchin, Esq.**
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000

**PRELIMINARY STATEMENT**

Plaintiff's Class Action Complaint ("Complaint") against Regions Financial Corporation ("Regions") claims a single violation of Section 14(a) of the Securities Exchange Act (the "Exchange Act"), 15 U.S.C.A. §78n(a), and Rule 14a-9, promulgated thereunder, based upon Regions' allegedly "filing and disseminating" a false and misleading proxy statement (the "Proxy Statement") in connection with Regions' 2006 acquisition of AmSouth Bancorporation ("AmSouth"). Compl., ¶¶ 112-122.[1] Because plaintiff McClellan filed this suit more than three years after Regions filed the Proxy Statement with the Securities and Exchange Commission ("SEC") and disseminated it to shareholders, his suit is barred by the statute of repose that governs Section 14(a) claims.[2]

**FACTS**

In May 2006, Regions announced its proposed merger with AmSouth Bancorporation ("the Merger"). Compl., ¶ 48. On August 17, 2006, Regions and AmSouth filed a joint Proxy Statement with the SEC and the next day disseminated it to shareholders of each company seeking approval of the Merger.[3] See Compl., ¶ 30. Plaintiff alleges that the Proxy Statement contained false and misleading statements and omissions of material facts. See Compl., ¶¶ 63-

---

[1] Based upon the same alleged events, the Complaint also alleges claims under Section 14(a) of the Exchange Act against Regions' accounting and financial advisors and secondary claims under Section 20(a) of the Exchange Act against certain present and past officers and directors of Regions.

[2] Under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 & 5, the Federal Rules of Civil Procedure and other applicable law, Plaintiff's Complaint has other deficiencies that warrant dismissal. Because this action is clearly barred by the statute of repose, in the interest of judicial economy Regions' Memorandum of Law addresses only this ground for dismissal. In the event that the Court does not dismiss this claim as time-barred, Regions respectfully requests the opportunity to supplement its memorandum of law to address the other deficiencies in the Complaint.

[3] A copy of the Proxy Statement that was filed with the SEC is attached as Exhibit A to Regions' Motion to Dismiss. The Proxy Statement on its face reflects a filing date of August 17, 2006, and a mailing date to shareholders of August 18, 2006. "[T]he Court may take judicial notice of the content of relevant public documents that were required to be filed with the Securities and Exchange Commission and were actually filed. The Court may also consider evidence outside the pleadings that is "undisputedly authentic and on which plaintiff specifically relied in the complaint." *Bryant v Avado Brands, Inc.*, 187 F.3d 1271, 1280 (11th Cir. 1999); *see also Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999)).

75, 117. On October 3, 2006, the shareholders of both Regions and AmSouth approved the Merger and, on November 4, 2006, the Merger was consummated. *See* Compl., ¶¶ 40, 80, 81. Plaintiff filed this action on October 2, 2009, more than three years after filing and dissemination of the Proxy Statement, purportedly seeking remedies on account of Regions' alleged violation of Section 14(a) of the Exchange Act, 15 U.S.C.A. §78n (a), and Rule 14a-9.

## ARGUMENT

### THE STATUTE OF REPOSE BARS THIS SECTION 14(A) ACTION AGAINST REGIONS.

Plaintiff's only claim against Regions is that Regions violated Section 14(a) of the Exchange Act by issuing the allegedly false and misleading Proxy Statement. Compl., ¶¶ 112-122. Because the Proxy Statement was filed with the SEC on August 17, 2006, and disseminated to shareholders more than three years prior to the filing of this Complaint, Plaintiff's claims against Regions are time-barred, and the Complaint should be dismissed.

A.   **Section 14(a) claims**

To state a claim under Section 14(a) of the Exchange Act, a plaintiff must allege that a proxy statement contained a false or misleading statement of material fact or omitted a material fact that made the statement misleading. *Rudolph v. UTStarcom*, 560 F. Supp.2d 880, 888 (N.D. Cal. 2008); *see also Desaigoudar v. Meyercord*, 223 F.3d 1020, 1022 (9th Cir. 2000). The statute at issue provides, in relevant part:

> 15 U.S.C.A. §78n  Proxies
>
> (a) Solicitation of proxies in violation of rules and regulations
>
> It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to

> solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78*l* of this title.

As authorized under the Exchange Act, the SEC promulgated SEC Rule 14a-9 to implement the proxy provision. That regulation provides:

> 17 C.F.R. 240.14a-9 False or misleading statements
>
> (a) No solicitation subject to this regulation shall be made by means of any proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in light of the circumstance under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading.[4]

### B.    Three Year Statute of Repose

Because the Exchange Act does not expressly provide for a private right of action under either Section 10(b) or Section 14(a), it does not set forth expressly either a statute of limitation or a statute of repose. The Exchange Act does create express rights of action for certain claims, however, and requires a plaintiff to bring such claims within "one year after the discovery of the facts constituting the violation and within three years after such violation." *See, e.g.,* 15 U.S.C. §78i(e). In *Lampf, Pleva, Lipkind, et al. v. Gilberson,* the Supreme Court held that these time periods apply to implied private rights of action under the Exchange Act. 501 U.S. 350, 363, 111 S.Ct.2773, 115 L.Ed.2d 321 (1991) (holding that "[l]itigation instituted pursuant to §10(b) and Rule 10b-5 . . . must be commenced within one year after discovery of the facts constituting the

---

[4] In addition to alleging a misleading statement or omission, a plaintiff's complaint must demonstrate that the statement was made "with the requisite level of culpability and was an essential link in the accomplishment of the proposed transaction." *Desaigoudar*, 223 F.3d at 1022 (citing *TSC Industries, Inc. v. Northway, Inc.*, 426 U.S. 438, 444 & n.7, 96 S.Ct. 2126, 48 L.Ed.2d 757 (1976)); *see also Mills v. Electric Auto-Lite Company*, 396 U.S. 375, 90 S.Ct. 616, 24 L.Ed.2d 593 (1970)). Because Plaintiff's Complaint is time-barred on its face, the Court need not address whether Plaintiff's Section 14(a) claim meets the other pleading requirements.

violation and within three years after such violation"). This holding has been held to apply to claims under Section 14(a). *See Westinghouse Elec. Corp. v. Franklin*, 993 F.2d 349, 353 (3d Cir. 1993) (quoting *In re Data Access Sys. Sec. Litig.*, 843 F.2d 1537, 1550 (3d Cir. 1988)). The Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley"), 28 U.S.C.A. § 1658(b)(2), did not alter the applicable repose period for Section 14(a) claims because Congress did not intend for Sarbanes-Oxley to extend the limitations periods for claims brought pursuant to Section 14(a). *In re: Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 197 (3d Cir. 2007). As a result, the three-year statute of repose applies, and dismissal with prejudice is required for suits filed more than three years after the alleged violation.

The three-year period for bringing a Section 14(a) claim is a statute of repose. Statutes of repose bar any suit that is brought after a "'specified time since the defendant acted..., even if this period ends before the plaintiff has suffered a resulting injury.'" 500 F. 3d. at 199 (quoting BLACK'S LAW DICTIONARY 1450, 1451 (8th ed. 2004)). Statutes of repose start at the occurrence of a specific event and may expire "before a plaintiff discovers he has been wronged or even before damages have been suffered...." *Id.* (citing *Nesladek v. Ford Motor Co.*, 46 F.3d 734, 737 n. 3 (8th Cir. 1995)). Therefore, if Plaintiff did not file his Section 14(a) claim within three years after the alleged violation, his suit is completely barred. *See Westinghouse Elec. Corp. v. Franklin*, 993 F.3d at 353; *In re Data Access Sys. Sec. Litig.*, 843 F.2d at 1550; s*ee also Lampf,* 501 U.S. at 364 (In discussing statute of repose in relation to Rule 10(b) claims, the Court stated that "[t]he purpose of the three year limitation is clearly to serve as a cutoff" and also noted that "tolling principles do not apply to that period.")

In *In re: Exxon Mobil Corp. Securities Litigation,* former shareholders of Mobil brought suit alleging that the proxy statement issued by Exxon and Mobil prior to their merger was false

5

or misleading. 500 F.3d at 190-191. The plaintiffs' complaint alleged both Section 14(a) and 10(b) violations of Exchange Act. After concluding that the Sarbanes-Oxley Act did not extend the statute of repose for Section 14(a) claims, the Court examined when the statute of repose period began to run. It held that the "specific acts targeted by a §10(b) cause of action are the fraudulent statements themselves," and that the statute of repose period began from the date of the alleged misrepresentation in the proxy statement. *Id.* at 200-202; *see also Lampf,* 501 U.S. at 364 (Plaintiffs' complaints were untimely because they were filed more than three years after the defendant's alleged "misrepresentations").

Every court to consider the issue in the Section 14(a) context has adopted this reasoning. *See, e.g., Rudolph v. UTStarcom,* 560 F. Supp. 2d 880, 892 (N.D. Cal. 2008) (court utilized date of proxy statement filing for dismissal of Section 14(a) claims upon statute of limitation defense); *In re: iBasis, Inc. Derivative Litig.,* 532 F. Supp. 2d 214, 220-21 (D. Mass. 2007) (court relied upon the filing date of proxy statements to begin running the statute of repose); *In re: VeriSign, Inc. Derivative Action,* 531 F. Supp. 2d 1173, 1212 (N.D. Cal. 2007) (claim was time-barred because it was not filed within 3 years after proxy filing); *see also Virginia M. Damon Trust v. North Country Financial Corporation,* 325 F. Supp. 2d 817, 823 (W.D. Mich. 2004) (complaint dismissed when proxy materials were distributed more than 3 years prior to filing of complaint).

Here, Plaintiff's claim is that Regions made false or misleading statements or omissions in the Proxy Statement that was "filed and disseminated" in August 2006.. Compl., ¶¶ 116-120. The Complaint was not filed until October 2, 2009. It is thus time-barred.

## CONCLUSION

Because Plaintiff filed his Complaint more than three years after the Proxy Statement at issue was filed with the SEC and disseminated to shareholders, his suit is time-barred. The action should, therefore, be dismissed with prejudice.

/s/ Larry B. Childs
**LARRY B. CHILDS**
Attorney for Regions Financial Corporation

**OF COUNSEL:**

**WALLER, LANSDEN, DORTCH & DAVIS, LLP**
**1901 Sixth Avenue North, Suite 1400**
**Birmingham, AL 35203**
**Telephone: (205) 226-5701**
**Facsimile: (205) 214-8787**

**David B. Tulchin, Esq.**
**SULLIVAN & CROMWELL LLP**
**125 Broad Street**
**New York, NY 10004**
**Telephone: (212) 558-4000**

## CERTIFICATE OF SERVICE

      The undersigned counsel hereby certifies that service of the foregoing Regions Financial Corporation's Memorandum in Support of Motion to Dismiss was made upon the following counsel of record through the Court's electronic filing system on this the 28th day of October, 2009:

Joe R. Whatley, Jr., Esq.
Deborah Clark Weintraub, Esq.
WHATLEY, DRAKE & KALLAS, LLC
2001 Park Place N, Suite 1000
Birmingham, AL 35203

                                        Larry B. Childs
                                        OF COUNSEL