IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JOHN M. MCCLELLAN,<br>Individually and<br>On Behalf of All Others Similarly<br>Situated,<br><br>           Plaintiff,<br>v.<br><br>REGIONS FINANCIAL<br>CORPORATION, ET AL.,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. 09-U-1976-S |

## ERNEST & YOUNG, LLP'S MOTION TO DISMISS

Stanley J. Parzen
MAYER BROWN LLP
71 South Wacker
Chicago, Illinois  60606
Tel. (312) 782-0600
Fax. (312) 701-7711

Richard E. Smith
Kenneth O. Simon
Oscar M. Price, IV
CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Tel. (205) 795-6588
Fax. (205) 328-7234
Attorneys for Ernst & Young LLP
October 28, 2009

1.  Ernst & Young LLP moves to dismiss with prejudice the present action filed against it for failure to state a claim pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

2.  Plaintiff's complaint was served on E&Y on October 8, 2009. This motion is filed within 20 days of service as required by Federal Rule of Civil Procedure 12.

3.  Plaintiff's complaint against E&Y solely purports to allege violations of Section 14(a) of the Securities Exchange Act of 1934 and SEC Rule 14a-9.

4.  The numerous reasons why plaintiff's § 14(a) claims must be dismissed are (a) failure to file the complaint within the necessary statute of repose period; (b) failure to satisfy the pleading standard of both Rule 8 and Rule 9(b) by not alleging facts sufficient to establish any plausible basis to believe that E&Y knew, in early 2006, that the economic events of the next three years—which included a global financial crisis unprecedented in our lifetimes—would require Regions to increase its loan loss reserves and write down its goodwill; (c) failure to plead the requisite scienter against an auditor for claims based upon the auditor's opinions; (d) failure to plead loss causation; (e) failure to allege any statements or omissions by E&Y that were false at the time they were made; and (f) failure to comply with the lead plaintiff provision of Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-

4(a)(2), which requires plaintiff to file a sworn certification affirming compliance with six requirements set out in the statute along with his complaint, see 25 U.S.C. § 78u-4 (i)-(vi).

5. Plaintiff's complaint, however, is so clearly time-barred that an expedited briefing schedule focused on the threshold statute of repose issue prior to briefing the other reasons for dismissal could resolve the present matter in a manner that conserves both judicial and party resources.

6. The statute of repose for a § 14(a) claim is three years and is not subject to tolling. E&Y's challenged audit reports were published on March 9, 2006 and March 10, 2006. The Proxy Statement was issued on August 17, 2006. And plaintiff's complaint was filed on October 2, 2009—more than three years after the alleged violations triggering the claim. Because no amendment to the complaint can cure the time-bar, dismissal with prejudice is appropriate.

7. In setting a briefing schedule on this motion to dismiss, E&Y would ask this Court to consider a schedule by which the statute of repose issue is severed, briefed and decided on an expedited basis prior to briefing on the remaining issues, which E&Y believes will never be necessary because this case is so clearly barred by the statute of repose. E&Y has filed this same day a short memorandum in support of dismissal on statute of repose grounds.

8.    E&Y proposes a schedule where plaintiff's response to the motion to dismiss on statute of repose grounds is due within three weeks of the order setting the schedule and E&Y's reply is due ten days thereafter.

9.    If the Court, however, prefers that all of the arguments be briefed at once, E&Y will do so forthwith in accordance with a briefing schedule to be entered by the Court.

* * * * *

Based on the foregoing, and on its accompanying Memorandum in Support, E&Y respectfully submits that the complaint against E&Y should be dismissed with prejudice.

                                                  /s/
                                                  Kenneth O. Simon

OF COUNSEL

CHRISTIAN & SMALL LLP
505 20th Street North, Suite 1800
Birmingham, Alabama 35203
Tel. (205) 795-6588
Fax. (205) 328-7234

MAYER BROWN LLP
71 South Wacker
Chicago, Illinois 60606
Tel. (312) 782-0600
Fax. (312) 701-7711

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 28, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

                                    /s/
                                  Kenneth O. Simon