FILED
2009 Oct-28  PM 05:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

```
------------------------------------------------------- x
JOHN M. MCCLELLAN, Individually and On      :
Behalf of All Others Similarly Situated,    :
                                            :
                    Plaintiff,              :
                                            :        Civil Action No. CV-09-B-1976-U
v.                                          :
                                            :
REGIONS FINANCIAL CORPORATION, et al.,      :
                                            :
                    Defendants.             :
------------------------------------------------------- x
```

## MERRILL LYNCH, PIERCE, FENNER & SMITH
## <u>INCORPORATED'S MOTION TO DISMISS THE COMPLAINT</u>

1.      Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill") moves to dismiss the complaint as against Merrill for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

2.      Plaintiff filed the complaint in this action on or about October 2, 2009, and Merrill was served with the complaint on October 8, 2009.  Merrill timely moves to dismiss the complaint by filing this motion within twenty (20) days of service of the complaint on it, as required by the Federal Rules.

3.      The complaint purports to allege against Merrill a cause of action for violation of Section 14(a) of the Securities Exchange Act of 1934 (the "1934 Act") and Rule 14a-9 promulgated thereunder.  Plaintiff alleges that Merrill issued a false and misleading opinion regarding the exchange ratio to be used in the 2006 merger between Regions Financial Corporation and AmSouth Bancorporation, which opinion was included in a joint proxy statement filed by Regions and AmSouth on August 17, 2006 and mailed to stockholders on or about August 18, 2006.

4.       Plaintiff's claim against Merrill fails for several reasons, including that:

   (i)      It is barred by the applicable three-year statute of repose.

   (ii)     Plaintiff has failed to state a claim against Merrill for which relief can be granted.  Among other failures, the complaint does not allege with particularity that any statements made by Merrill were false or misleading or allege properly that Merrill possessed the required state of mind to support a Section 14(a) claim.

   (iii)    Plaintiff has failed to satisfy the pleading standards articulated in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), in that it has not articulated any facts from which to infer a plausible claim that (a) Merrill solicited any proxies, (b) Merrill's opinion was objectively false at the time it was rendered, (c) Merrill's opinion was subjectively false at the time it was rendered, or (d) Merrill's opinion was in any way connected to the financial issues about which plaintiff complains.

   (iv)     Plaintiff has failed to plead loss causation.

      (v)     Plaintiff has failed to comply with the Private Securities Litigation Reform Act of 1995 in several regards, including a failure to comply with its certification requirements.

5.      Because plaintiff's claim is plainly barred by the applicable three-year statute of repose, in the interests of economy and efficiency that issue should be presented and considered as a threshold matter before all others.

6.      The statute of repose for a Section 14(a) claim is three years.  Merrill issued its opinion on May 24, 2006 and that opinion was included in the proxy statement filed with the Securities and Exchange Commission on August 17, 2006 and mailed to stockholders on or about August 18, 2006.  Plaintiff did not commence this action until October 2, 2009 – more than three years after the issuance of the opinion or its inclusion in the proxy statement.

7.      Merrill respectfully requests that this Court set a briefing schedule pursuant to which the statute of repose issue is briefed and decided on an expedited basis prior to any other issues being addressed.  Merrill has filed contemporaneously herewith a memorandum in support of its motion to dismiss the complaint on the statute of repose ground.

8.      Merrill proposes a schedule pursuant to which plaintiff's response to the motion to dismiss on statute of repose grounds is due within two weeks of the order setting the schedule and Merrill's reply is due seven days thereafter.

9.      If the Court prefers that all grounds for the motion to dismiss be briefed and argued simultaneously, Merrill will promptly comply.

Dated:  Birmingham, Alabama
      October 28, 2009

Respectfully submitted,


/s/ Gregory H. Hawley
Gregory H. Hawley
*Counsel for Defendant Merrill Lynch, Pierce,*
*Fenner & Smith Incorporated*

OF COUNSEL:
White Arnold & Dowd P.C.
2025 Third Avenue North, Suite 500
Birmingham, AL  35203
Telephone: (205) 323-1888
Facsimile: (205) 323-8907
ghawley@waadlaw.com

Douglas W. Henkin
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000
dhenkin@milbank.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of October, 2009, a copy of the foregoing was served upon all counsel of record electronically using the CM/ECF system which will send notification of such filing to the following CM/ECF participant counsel of record:

> Joe R. Whatley, Jr.
> Whatley Drake & Kallas LLC
> 2001 Park Place North, Suite 1000
> P. O. Box 10647
> Birmingham, AL  35202-0647


> /s/ Gregory H. Hawley
> OF COUNSEL