FILED

2009 Oct-28  PM 05:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

```
------------------------------------------------------- x
JOHN M. MCCLELLAN, Individually and On       :
Behalf of All Others Similarly Situated,      :
                                              :
                        Plaintiff,            :
                                              :       Civil Action No. CV-09-B-1976-U
v.                                            :
                                              :
REGIONS FINANCIAL CORPORATION, et al.,        :
                                              :
                        Defendants.           :
------------------------------------------------------- x
```

**MEMORANDUM OF LAW IN SUPPORT OF
MERRILL LYNCH, PIERCE, FENNER & SMITH
INCORPORATED'S MOTION TO DISMISS THE COMPLAINT**

## <u>TABLE OF CONTENTS</u>

<u>Page(s)</u>

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT ................................................................................................... 1

STATEMENT OF FACTS ............................................................................................................ 2

ARGUMENT ................................................................................................................................. 3

I.    STANDARD OF REVIEW ................................................................................................ 3

II.   PLAINTIFF'S CLAIM AGAINST MERRILL IS TIME-BARRED .................................. 3

CONCLUSION .............................................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Affiliated Computer Servs. Deriv. Litig.*,
    540 F. Supp. 2d 695 (N.D. Tex. 2007) ....................................................................... 4

*In re Exxon Mobil Corp. Sec. Litig.*,
    500 F.3d 189 (3d Cir. 2007) ............................................................................... 4, 6

*In re Ibasis, Inc. Deriv. Litig.*,
    532 F. Supp. 2d 214 (D. Mass. 2007) ....................................................................... 5

*In re McKesson HBOC, Inc. Sec. Litig.*,
    126 F. Supp. 2d 1248 (N.D. Cal. 2000) ................................................................... 5

*In re Reliance Sec. Litig.*,
    135 F. Supp. 2d 480 (D. Del. 2001) ......................................................................... 5

*Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*,
    501 U.S. 350, 363 (1991) .................................................................................. 4, 6

*Munoz v. Ashcroft*,
    339 F.3d 950 (9th Cir. 2003) .................................................................................. 6

*Oxford Asset Mgmt., Ltd v. Jaharis*,
    297 F.3d 1182 (11th Cir. 2002) .............................................................................. 3

*Pedroli v. Bartek*,
    564 F. Supp. 2d 683 (E.D. Tex. 2008) ..................................................................... 4

*Sinaltrainal v. Coca-Cola Co.*,
    578 F.3d 1252 (11th Cir. 2009) .............................................................................. 3

*Westinghouse Electric Corp. v. Franklin*,
    993 F.2d 349 (3d Cir. 1993) .................................................................................. 4

Defendant Merrill Lynch, Pierce, Fenner & Smith Incorporated ("Merrill")
respectfully submits this memorandum of law in support of its motion to dismiss the Complaint.

## PRELIMINARY STATEMENT

Plaintiff's claim against Merrill is time-barred and should be dismissed.[1]  In
connection with the 2006 merger of Regions Financial Corporation ("Regions") and AmSouth
Bancorporation ("AmSouth"), Merrill was engaged by Regions to opine on the fairness to
Regions, from a financial point of view, of the exchange ratio to be used in the merger.  On
May 24, 2006, Merrill issued its fairness opinion to the Regions Board of Directors, and that
opinion was included in the joint proxy statement filed with the Securities and Exchange
Commission (the "SEC") on August 17, 2006 (the "Proxy Statement").  *See* Declaration of
Gregory H. Hawley in Support of Merrill's Motion to Dismiss the Complaint (the "Hawley
Decl.") Exh. A.[2]  Plaintiff alleges that Merrill's opinion was false and misleading and that
Merrill violated Section 14(a) of the Securities Exchange Act of 1934 (the "1934 Act") and SEC
Rule 14a-9 promulgated thereunder; plaintiff asserts no other claims against Merrill.  Plaintiff
did not file his Complaint until October 2, 2009.  Because the Complaint was not filed within
three years of the issuance of Merrill's opinion or its inclusion in the Proxy Statement, plaintiff's
Section 14(a) claim is time-barred.

---

[1]    There are several additional grounds upon which plaintiff's claim against Merrill could
be dismissed, including failure to state a claim for which relief can be granted and failure
to satisfy the pleading requirements of the Federal Rules of Civil Procedure.  *See* Motion
¶ 4.  Because plaintiff's claim against Merrill is plainly barred by the statute of repose, in
the interests of economy and efficiency Merrill has limited its opening brief to that issue.
Merrill reserves the right to brief and argue those additional grounds for dismissal to this
Court, should it be necessary.

[2]    The Proxy Statement provides that it would be mailed to stockholders on or about
August 18, 2006.

## STATEMENT OF FACTS

In May 2006, Regions engaged Merrill to act as its financial advisor in connection with the proposed stock-for-stock merger between Regions and AmSouth.  The engagement contemplated that Merrill would provide an opinion on whether the exchange ratio for the AmSouth merger was fair, from a financial point of view, to Regions.

On or about May 24, 2006, Merrill opined to the Regions Board of Directors that "subject to the assumptions made, matters considered and qualifications and limitations set forth in the written opinion, the exchange ratio pursuant to the merger agreement was fair from a financial point of view to Regions." *See* Proxy Statement at 25.  Merrill's opinion set forth the factors it considered in rendering its opinion including, among other things, the review of publicly available business and financial information relating to AmSouth and Regions, discussions with AmSouth and Regions management concerning business and financial information relating to each company, review of market prices for AmSouth stock in comparison with stock prices for certain other relevant publicly-traded companies, and review of a draft merger agreement.  *See id*. at D-1.

> Merrill's opinion stated that in preparing its opinion, Merrill assumed and relied on the accuracy and completeness of all information supplied or otherwise made available to it, discussed with or reviewed by or for it, or that was publicly available. Merrill Lynch did not assume any responsibility for independently verifying such information and did not undertake any independent evaluation or appraisal of any of the assets or liabilities of AmSouth or Regions and it was not furnished with any such evaluation or appraisal … .  With respect to financial forecast information ... Merrill Lynch assumed that they had been reasonably prepared and reflected the best currently available estimates and judgment of the management of AmSouth or Regions ... .

*Id*. at D-1-D-2.  Merrill also made clear that it was only opining on the financial fairness of the exchange ratio to be used in the merger, but was not making any recommendation to any

shareholder as to how to vote regarding the merger.  *Id*. at D-2.  Merrill also disclosed that in exchange for its opinion, Regions would pay Merrill a fee, a significant portion of which was contingent upon the consummation of the merger and that Merrill had and might again in the future provide services to Regions and AmSouth in exchange for fees.  *Id*.

On August 17, 2006, Regions and AmSouth issued and filed with the SEC the Proxy Statement.  Pursuant to the Proxy Statement, on or about August 18, 2006, Regions and AmSouth mailed the Proxy Statement to their shareholders.  With Merrill's consent, its opinion regarding the financial fairness to Regions of the exchange ratio was included in the Proxy Statement.  This complaint was filed on October 2, 2009, beyond the three-year statute of repose under the 1934 Act.

## ARGUMENT

### I.    STANDARD OF REVIEW

"A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face."  *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).  In considering a motion to dismiss, courts must accept as true as well-pled allegations in the complaint, but need not accept as true conclusory allegations or legal conclusions.  *See Oxford Asset Mgmt., Ltd v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).  In addition to the complaint, courts may also consider documents incorporated by reference into the complaint, such as the Proxy Statement.  *See id.*

### II.    PLAINTIFF'S CLAIM AGAINST MERRILL IS TIME-BARRED

Section 14(a) claims are similar (and related to) express causes of action enumerated in the Securities Exchange Act of 1934 for which Congress expressly provided that claims must be made within one year after the plaintiff discovers the facts constituting the violation and in no event more than three years after such violation.  *See Westinghouse Electric*

*Corp. v. Franklin*, 993 F.2d 349, 353 (3d Cir. 1993).  The one-year period is a statute of

limitations, whereas the three-year period acts as a statute of repose and "bars any suit that is

brought after a specified time since the defendant acted ... *even if this period ends before the*

*plaintiff has suffered a resulting injury.*"  *In re Exxon Mobil Corp. Sec. Litig.*, 500 F.3d 189, 199

(3d Cir. 2007).[3]  Equitable tolling does not apply to statutes of repose.  *See Lampf, Pleva,*

*Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991).  With respect to plaintiff's

claim against Merrill, the statute of repose began to run either when Merrill issued its opinion or

when the Proxy Statement was filed and issued.  Either way, plaintiff's claim is time-barred.

Section 14(a)'s three-year statute of repose commences at the time a defendant

alleged to have violated Section 14(a) acted.  *See Exxon*, 500 F.3d at 199.  Because a statute of

repose is triggered by the occurrence of a specific event, it does not contemplate time for

discovering injury.  *See id.*  Accordingly, a Section 14(a) claim must be commenced within three

years after the alleged violation.  *See Lampf*, 501 U.S. at 364.  Where a plaintiff alleges a false or

misleading statement, the statute of repose begins to run "when the allegedly false or misleading

statement was made."  *In re Affiliated Computer Servs. Deriv. Litig.*, 540 F. Supp. 2d 695, 703

(N.D. Tex. 2007); *accord Lampf*, 501 U.S. at 364 (measuring the statute of repose from the time

of the alleged misrepresentations).

Here, plaintiff has alleged that Merrill rendered a false and misleading opinion

regarding the financial fairness of the exchange ratio to Regions.  *See* Complaint ¶ 28.  Thus,

Merrill's purported violation (in fact there was none) occurred when it rendered its opinion.

Merrill delivered its opinion to the Regions Board of Directors on May 24, 2006 and expressly

---

[3]     The three-year statute of repose for a Section 14(a) claim was not extended by the
Sarbanes-Oxley Act of 2002.  *See Exxon*, 500 F.3d at 197; *Pedroli v. Bartek*, 564 F.
Supp. 2d 683, 686-87 (E.D. Tex. 2008).

limited its opinion to information available as of May 24, 2006. *See* Proxy Statement at D-2.[4]

Accordingly, the statute of repose for plaintiff's Section 14(a) claim against Merrill began to run

on May 24 2006, and so the time for plaintiff to bring a Section 14(a) claim against Merrill ran

out more than four months before plaintiff filed the Complaint.

   Even were plaintiff to argue that the alleged "violation" did not occur until

Merrill's opinion was included in the Proxy Statement,[5] his claim would still be time-barred.

The Proxy Statement was filed with the SEC on August 17, 2006 and mailed to shareholders on

or about August 18, 2006, still more than three years before Plaintiff filed the Complaint.

   Further, the statute of repose is unaffected by alleged concealment or other

equitable concerns. Plaintiff has alleged that Merrill rendered a false opinion that was included

in the Proxy Statement. *See* Complaint ¶ 28. Thus, plaintiff must plead that Merrill's opinion

was both objectively and subjectively false *when it was made*. *See In re Reliance Sec. Litig.*, 135

F. Supp. 2d 480, 514-15 (D. Del. 2001); *see also In re McKesson HBOC, Inc. Sec. Litig.*, 126 F.

Supp. 2d 1248, 1265 (N.D. Cal. 2000) ("In the case of a fairness opinion ... the plaintiff must

plead with particularity why the statement of opinion was objectively *and* subjectively false.")

(emphasis in original). Thus, anything that occurred after May 24, 2006 or even after August 18,

2006 (which Merrill does not concede is the appropriate date for purposes of the statute of

repose) is (i) irrelevant to plaintiff's claim against Merrill and (ii) would not change the date

Merrill's opinion was issued. Thus, there is no equitable argument that would favor a later

commencement of the statute of repose.

---

[4]  Indeed, Regions publicly disclosed that Merrill had rendered a fairness opinion in a Form 8-K filed on May 31, 2006, attached to which was a copy of the merger agreement. *See* May 31, 2006 Form 8-K, Exhibit 2.2, ¶ 3.3(r) (Hawley Decl. Exh. B).

[5]  *In re Ibasis, Inc. Deriv. Litig.*, 532 F. Supp. 2d 214, 221 (D. Mass. 2007) (statute of repose begins running at date of proxy statement).

In any event, statutes of repose are not subject to equitable tolling.  *See Munoz v. Ashcroft*, 339 F.3d 950, 957 (9th Cir. 2003).  Thus, such an argument would be legally irrelevant even if plaintiff alleged facts to support it, *see Exxon*, 500 F.3d at 199; *accord Lampf* 501 U.S. at 363 ("the equitable tolling doctrine is fundamentally inconsistent with the 1- and 3-year structure"), which he has not done.

## CONCLUSION

Plaintiff alleges a Section 14(a) claim against Merrill on the basis of Merrill's fairness opinion, which was dated May 24, 2006 and included in the Proxy Statement filed with the SEC on August 17, 2006 and mailed to shareholders on or about August 18, 2006.  For the reasons set forth herein, the statute of repose for that claim began to run no later than August 18, 2006, more than three years before plaintiff filed the Complaint.  The Complaint is accordingly time-barred and should be dismissed with prejudice as against Merrill.

Dated:  Birmingham, Alabama
       October 28, 2009

Respectfully submitted,


/s/ Gregory H. Hawley
Gregory H. Hawley
*Counsel for Defendant Merrill Lynch, Pierce,
Fenner & Smith Incorporated*

OF COUNSEL:
White Arnold & Dowd P.C.
2025 Third Avenue North, Suite 500
Birmingham, AL  35203
Telephone: (205) 323-1888
Facsimile: (205) 323-8907
ghawley@waadlaw.com

Douglas W. Henkin
MILBANK, TWEED, HADLEY & McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Telephone:  (212) 530-5000
dhenkin@milbank.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 28th day of October, 2009, a copy of the foregoing was served upon all counsel of record electronically using the CM/ECF system which will send notification of such filing to the following CM/ECF participant counsel of record:

       Joe R. Whatley, Jr.
       Whatley Drake & Kallas LLC
       2001 Park Place North, Suite 1000
       P. O. Box 10647
       Birmingham, AL  35202-0647

                    /s/ Gregory H. Hawley
                    OF COUNSEL

                    WHITE, ARNOLD & DOWD, P.C.
                    2025 Third Avenue, Suite 500
                    Birmingham, Alabama 35203
                    Phone:  (205) 323-1888

OF COUNSEL
Douglas W. Henkin*                    *Counsel for Defendant Merrill Lynch, Pierce,*
MILBANK, TWEED, HADLEY &           *Fenner & Smith Incorporated*
McCLOY LLP
1 Chase Manhattan Plaza
New York, New York 10005
Phone:  (212) 530-5000
dhenkin@milbank.com

* *pro hac vice* motion pending